*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.gov.*

In the Supreme Court of the State of Alaska

| | | |
|---|---|---|
| In the Matter of the Necessity for the Hospitalization of Jayden A. | ) ) ) ) ) ) ) ) | Supreme Court No. S-19007<br><br>Superior Court No. 2NO-24-00021 PR<br><br>**Order**<br><br>**Order No. 121 – July 5, 2024** |

Before:     Maassen, Chief Justice, and Carney, Borghesan, Henderson, and Pate, Justices.

Jayden A.**[1]** was detained in a hospital setting for 12 days pursuant to an order authorizing his hospitalization for evaluation.   The prolonged detention was due to lack of capacity in state evaluation facilities.   After having been detained for 7 days, Jayden filed an unopposed expedited request before the superior court for an immediate hearing to review whether his ongoing detention violated his substantive due process rights.   The superior court responded by scheduling a review hearing to occur 12 days after Jayden filed his request.   Shortly thereafter Jayden filed an emergency petition for our review, arguing primarily that the superior court's failure to schedule an immediate review hearing in these circumstances contributed to Jayden's prolonged pre-evaluation detention and violated his due process rights.

Just following the filing of the petition, Jayden was released from the hospital due to no longer meeting commitment criteria, and the superior court case was dismissed, mooting the petition.   Both Jayden and the State contend that we should

---

**[1]**     We use a pseudonym to protect Jayden's privacy.

apply the public interest exception to the mootness doctrine to review the superior court's order that essentially denied Jayden's unopposed request for an immediate review hearing. Given the importance of the issues presented by the petition, and the likelihood that these issues may continue to arise and to circumvent our review if we apply the mootness doctrine, we agree that the public interest exception applies.[2] We GRANT Jayden's petition for review, and we take this opportunity to reiterate the nature of the rights implicated by a respondent's prolonged pre-evaluation detention and the necessity for close and prompt review of such detention by the superior court.

In recent years, we have considered a number of cases related to the detention of individuals who are court-ordered to be transported for evaluation of whether they meet civil commitment criteria.[3] In two such matters, we determined that the nature and duration of the respondents' pre-evaluation detention were not reasonably related to the purpose of facilitating immediate transportation for evaluation, and that those respondents' pre-evaluation detention thus violated their substantive due process rights.[4]

In *In re Hospitalization of Mabel B.*, we considered the pre-evaluation detention of both Mabel B., who was confined for 16 days following an ex parte order authorizing her hospitalization for evaluation before she was transported to an evaluation facility, and Sarah D., who was confined for 18 days on an ex parte order

---

[2]     *See Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1196 (Alaska 1995) ("The public interest exception requires the consideration of three main factors: (1) whether the disputed issues are capable of repetition, (2) whether the mootness doctrine, if applied, may cause review of the issues to be repeatedly circumvented, and (3) whether the issues presented are so important to the public interest as to justify overriding the mootness doctrine.").

[3]     *See, e.g.*, *In re Hospitalization of Abigail B.*, 528 P.3d 440 (Alaska 2023); *In re Hospitalization of Mabel B.*, 485 P.3d 1018 (Alaska 2021); *In re Hospitalization of Vern H.*, 486 P.3d 1123 (Alaska 2021); *In re Hospitalization of Aiden R.*, No. S-17931, 2023 WL 3862421 (Alaska June 7, 2023).

[4]     *In re Abigail B.*, 528 P.3d 440; *In re Mabel B.*, 485 P.3d 1018.

before being transported to an evaluation facility.[5]   For both, the delay in transportation for evaluation was due to lack of capacity in state evaluation facilities.[6]   In examining whether the nature and duration of each respondent's detention bore a reasonable relationship to the purpose of the order confining them, we emphasized that "the commitment statutes 'evidence a legislative intent that the respondent who is subject to an emergency ex parte order must be transported immediately to the nearest evaluation facility so that the . . . evaluation period can begin without delay.' "[7]   We held that "the purpose of the orders at issue was to authorize 'immediate delivery' of respondents to an evaluation facility for a 72-hour evaluation,"[8] and observed that each of the respondents in that matter had been detained, due to lack of capacity at state evaluation facilities, for periods "almost six times as long as the evaluation period."[9]   We concluded that these "unreasonably lengthy detentions" violated the respondents' due process rights.[10]

Similarly, in *In re Hospitalization of Abigail B.*, we considered the pre-evaluation detention of Abigail B., who was confined for 13 days before being transported for evaluation, and Jethro S., who was confined for 17 days, 16 of which were due to lack of capacity in state evaluation facilities before being transported for evaluation.[11]   We again concluded that "the sole purpose of pre-evaluation detention is limited to ' "immediate delivery" to an evaluation facility,' "[12] and after considering

---

[5]      485 P.3d at 1021-23.

[6]      *Id.*

[7]      *Id.* at 1026 (quoting *In re Hospitalization of Gabriel C.*, 324 P.3d 835, 838 (Alaska 2014)).

[8]      *Id.*

[9]      *Id.*

[10]     *Id.*

[11]     528 P.3d 440, 443-46, 450 (Alaska 2023).

[12]     *Id.* at 449 (quoting *In re Mabel B.*, 485 P.3d at 1026 (citing AS 47.30.705-

the totality of circumstances related to each respondent's confinement, concluded that the nature and duration of each respondent's pre-evaluation detention were not reasonably related to the purpose of securing immediate transportation for evaluation.[13] We thus held that the pre-evaluation detention in those matters violated the respondents' substantive due process rights.[14]

We note that in referencing the length of the detentions at issue in *Mabel B.* and *Abigail B.*, we do not mean to suggest that the contours of a respondent's substantive due process rights, or the limits to detention that are reasonably related to transportation for evaluation, are measured by the length of the detention alone. We have explained that we "continue to assess alleged substantive due process violations 'by an appraisal of the totality of facts in a given case.' "[15]

But we must emphasize the critical nature of the superior court's review of the commitment process, particularly where pre-evaluation confinement becomes prolonged. Here Jayden A. had been detained for 7 days under the court's ex parte order before he filed an unopposed expedited request for an immediate hearing to review the circumstances of his detention. The superior court's response, which nominally granted the non-opposed motion and scheduled a review hearing 12 days following Jayden's request, acted essentially as a denial of the non-opposed request for immediate review. Indeed, the court scheduled a review hearing for what would have been Jayden's 19th day in court-ordered pre-evaluation confinement. That time frame approaches the full 30-day commitment that may be petitioned for following an evaluation and undoubtedly raises concerns about a respondent's substantive due process rights, particularly in light of our decisions in *Mabel B.* and *Abigail B.*

---

.730)).

[13]     *Id.* at 450.

[14]     *Id.*

[15]     *Id.* at 451 (quoting *In re Mabel B.*, 485 P.3d at 1026).

We reiterate now that the nature and duration of pre-evaluation confinement must reasonably relate to the purpose for that confinement — arranging immediate transportation for evaluation — and that prompt judicial review of such detention, where requested, is required. Having granted Jayden's petition for review, we conclude that the superior court abused its discretion in not scheduling the requested review hearing for Jayden as immediately as possible, and we VACATE the court's scheduling order.